**DALLAS HANDBAG COMPANY, Appellant,**

v.

**ROYAL INDEMNITY COMPANY, Appellee.**

No. 16486.

Court of Civil Appeals of Texas.

Dallas.

April 23, 1965.

Rehearing Denied May 28, 1965.

Oster & Kaufman and John Fox Holt, Dallas, for appellant.

Johnson, Guthrie, White & Stanfield, Dallas, for appellee.

DIXON, Chief Justice.

The question to be decided on this appeal is whether printed exclusion provisions in an inland marine insurance policy are in conflict with certain typewritten provisions which were added to the policy. Appellant says that the provisions are in conflict and that the typewritten provisions must prevail. Appellee denies that there is any conflict.

In a nonjury trial judgment was rendered that appellant take nothing in its suit based on the policy.

Royal Indemnity Company, appellee, issued a policy to Dallas Handbag Company, appellant, for a three-year term beginning May 22, 1960 and ending May 22, 1963. The policy is described as a "merchandise floater" all risk policy. It provides insurance coverage in a total amount of $470,-500. However, by an endorsement added

September 22, 1961 appellee's maximum liability for water damage in the basement is limited to $5,000.

On July 28, 1962 appellant sustained a water damage loss in excess of $9,000 to merchandise in the basement of its premises at 1110 Commerce Street in the City of Dallas. The insurance company rejected the insured's claim on the ground that the loss in question is excluded from coverage under amended Exclusion No. 7(I) under the heading "PERILS NOT INSURED". The amended clause is a part of the printed terms of the policy.

Amended Exclusion No. 7(I) is as follows:

"It is understood and agreed that Clause 7(I) under Perils Not Insured is hereby deleted and the following substituted therefor:

"Flood however caused, inundation, surface waters, high water or overflow, waves, tide or tidal wave or spray therefrom, including the backing up of sewers and drains resulting from any of the foregoing; all whether or not caused by water inundating or flooding land, the rising of or the breaking of boundaries of natural or man-made lakes, reservoirs, rivers or other bodies of water, or the accumulation on land of water immediately derived from natural sources; and all whether driven by wind or not, or whether caused by or attributable to earthquake or other earth movement; but this exclusion shall not apply to property in transit.

"Seepage, leakage or influx of water immediately derived from natural sources through basement walls, including doors, windows and other openings therein, foundations, basement floors, sidewalks or sidewalk lights, unless directly caused by or resulting from physical damage to the premises containing the property covered by a peril not otherwise excluded."

Appellant says that the above quoted exclusion provision is in conflict with two typewritten paragraphs which are to be found under the heading "DEDUCTIBLE:" These typewritten paragraphs are as follows:

"IT IS AGREED THAT THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN $20,000.00 ON PROPERTY LOCATED IN THE BASEMENT AT 1110 COMMERCE ST., DALLAS, TEXAS, AS REGARDS WATER DAMAGE OCCURRING AT THIS LOCATION.

"EACH CLAIM FOR WATER DAMAGE (EXCEPT SPRINKLER LEAKAGE OR DAMAGE AS A RESULT OF FIRE LOSS) SHALL BE ADJUSTED SEPARATELY AND FROM THE AMOUNT OF EACH SUCH ADJUSTED CLAIM THE SUM OF *ONE HUNDRED* DOLLARS ($100.00) SHALL BE DEDUCTED."

The proof of claim submitted to appellee by appellant, signed by Earl Morchower, appellant's President, contains this sworn statement:

"A water damage loss occurred about the hour of ———— o'clock — m. on the 28th day of July 1962, the cause and origin of the said loss were *heavy rains caused water from drains to fill up basement*." (Emphasis supplied)

In Morchower's deposition he testified that the only water damage appellant sustained was to merchandise in the basement, that there was no damage to goods on the first floor or to floors above, that the company's roof did not leak and that so far as he knew the drains throughout the building did not leak.

◾ Appellant's first three points on appeal are premised on the theory that printed Exclusion No. 7(I) and the typewritten provision under the heading "DEDUCTIBLE:" are in conflict and that the

typewritten provision must prevail. After careful study we have concluded that there is no conflict between the printed and the typewritten provisions in the policy.

Exclusion No. 7(I) does indeed exclude many types of water damage losses: It excludes flood however caused, inundation, surface waters, etc. and excludes water damage caused by "backing up of drains * * *". A case not in point but bearing some similarity to the instant case is Sun Underwriters Ins. Co. of N. Y. v. Bunkley, Tex.Civ.App., 233 S.W.2d 153.

We cannot agree with appellant's contention that Exclusion No. 7(I) excludes all water damage coverage. Exclusion No. 7(I) does not exclude damage to merchandise resulting from leaks in the roof, overflow of toilets, leakage from a drain, seepage through walls other than basement walls, water entering basement floors through seepage, leakage or influx of water directly caused by physical damage to the premises, and other types of water damage.

Further, we cannot agree with appellant's contention that the typewritten paragraphs provide coverage for all water damage except sprinkler leakage or damage as a result of fire loss. It is significant that the typewritten portion will be found under the heading "DEDUCTIBLE:". It provides for a separate adjustment of each claim for water damage and for a deduction of $100 from the amount of each such adjusted claim except as to sprinkler leakage or water damage resulting from fire loss. It does not create any new coverage or restore any coverage which has been excluded by any printed portions of the policy.

The typewritten paragraphs take notice of an agreement to limit appellee's liability to $20,000 on property located in the basement of 1110 Commerce Street as regards water damage. By an endorsement later attached in another part of the policy the amount was reduced to $5,000. But such provision does not undertake to grant a type of coverage which is excluded elsewhere in the policy.

Appellant lists six rules of interpretation applicable to an insurance contract when it contains conflicting or ambiguous provisions. We do not disagree with these aids to construction but they are not applicable here. Since we find no conflict or ambiguity in the printed and typewritten terms of the policy there is no occasion for us to resort to the rules of construction and we have no right to do so. United States Fire Ins. Co. of N. Y. v. Rothwell (Tex.Comm. of App.) 60 S.W.2d 759. Appellant's first three points are overruled.

■ In its fourth point appellant charges that appellee's adjuster compromised and settled the water damage for $5,000 and the court erred in not giving effect to the compromise in settlement. There is no merit to this point. The record shows that an adjuster employed by a company known as General Adjustment Bureau filled out a proof of loss and arranged for a salvage sale of the damaged merchandise. The proof of loss was rejected by appellee. There is no evidence that the adjuster was authorized to bind appellee to a settlement agreement. The adjuster's deposition was taken. We quote part of his testimony:

"Q. * * * Did you offer to settle the above claim for $5,000.00?

"A. No.

"Q. Did you settle the above claim for any amount?

"A. No.

"Q. Did you inform Mr. Morchower that you would settle his company's water damage loss to personal property for $5,000.00?

"A. No.

"Q. Did you have authority to make any settlement of the loss with Dallas Handbag Company?

"A. No.

"Q. Were you instructed to submit all offers to settlement to Royal In-

demnity Company for their acceptance or rejection?

"A. This was our function—our company's function. The final decision is always left with the company. Our only job is to investigate and determine amounts, and it's their decision as far as any liability is concerned."

Appellant's fourth point is overruled.

The judgment of the trial court is

Affirmed.