## 49382. AETNA FIRE UNDERWRITERS INSURANCE COMPANY v. CRAWLEY et al.

Deen, Judge.

This is an appeal by Aetna, insurer of the plaintiff Crawley under a homeowners insurance contract, from the denial of its motion for summary judgment. Crawley sued Aetna and a building contractor, Gooch, in two counts for water damage to his home. The pleadings and evidence on the motion for summary judgment establish the following: Crawley owned a home on Hammond Drive at the bottom of a hill. Gooch was building a house on the same street and uphill from the plaintiff's home. An excavation had been made in order to tap on the sewerage system of the new house to the main county sewer line which ran under the street. During a period of heavy rainfall the original excavation filled with water from surface drainage. On July 27 and again on August 5, 1972, water from this sewer line entered the plaintiff's house through his toilets, shower, tub, and washing machine drain, and flooded the main floor of the house with some six to eight inches of water, mud, and slime. It was eventually discovered that when the original county sewer main had been installed some years previously a tap on the line had been left open for future connection to a lot across the street from Gooch's construction and about five feet from the excavation and tap-in to the new construction; that when the excavation was made and became filled with rain water, this water

found its way into the open tap and sewer line, creating tremendous pressure, and on reaching its lowest level at the plaintiff's home entered through his appliance connections, at times shooting up some three feet into the air, and doing several thousand dollars worth of damage. *Held:*

1. The defendant's insurance policy contains the following pertinent provisions: Perils insured against include "accidental discharge or overflow of water. . . from within a plumbing . . . system or from within a domestic appliance, including the cost of tearing out and replacing any part of the building covered necessary to effect repairs to the system or appliance from which the water. . . escapes, but excluding loss": from seepage or leaking over a period of time, or if the building has been vacant over 30 days, or to the appliance system itself from which the water escaped, or if the escape is caused by freezing.

Specific losses are excluded if "caused by, resulting from, contributed to or aggravated by" (a) flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water or spray from any of the foregoing, all whether driven by wind or not; (b) water which backs up through sewers or drains; or (c) water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls or floors."

The construction of contracts is for the court; if ambiguous and uncertain in meaning it is to be resolved against the party preparing the instrument. Code § 20-704 (5); *Johnson v. Mut. Life Ins. Co.,* 154 Ga. 653 (1) (115 SE 14). Let us take the insuring agreement first. Water was *discharged* into the plaintiff's home from his *plumbing system* and *domestic appliances.* The loss did not result from seepage or leakage over a period of time. The building had not been vacant, damage to the system itself is not sought, and the water escape was not caused by freezing. How about the specific exclusions? We must take the terms within (a) (flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water or spray) in their *ejusdem generis* sense. "It is a well-recognized rule of construction that when a

statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis with the things specifically named, unless, of course, there is something to show that a wider sense was intended." *Gilmore v. Gilmore,* 201 Ga. 770, 777 (41 SE2d 229). "When two constructions are possible, the most favorable one to the insured is to be adopted." *Mass. Ben. Life Assn. v. Robinson,* 104 Ga. 256 (30 SE 918); *Columbia Cas. Co. v. Rogers Co.,* 157 Ga. 158, 160 (121 SE 224). "Surface waters" is used as a part of a series of contingencies all of which have in common the property that they comprise water flowing on the surface of the ground at the time they enter the home of the insured. As stated in *American Ins. Co. v. Guest Printing Co.,* 114 Ga. App. 775, 776 (152 SE2d 794): "the majority of cases apply the term strictly to water on the surface of the ground," and refuse to apply the term to rainwater falling on and flowing from the roof of the insured dwelling. In this case, the water overflowed from a gutter drain. The court said further: "The most that can be said in the insurer's favor is that the terms 'surface water' and 'drains' in the policy are ambiguous. Such ambiguities in the policy, which was written by the insurer, are construed in favor of the insured." This disposes of exclusions (a) and (b). If my immediate drain pipe is clogged by grease, or the sewer line leading from my house is choked with roots, so that water discharged from my house is not properly carried away, the exclusion may well apply. But this water did not *back up* from the plaintiff's sewer or drains; it *entered* after collecting in an area remote from his premises and over which he had no control. Nor did it flow or leak through the plaintiff's sidewalks, driveway, foundations, walls, or floors. It overflowed and was discharged from his plumbing and domestic appliance systems. The insurer, under these circumstances, was clearly not entitled to a summary judgment and the trial court properly denied the motion.

2. This exact question being one of first impression in our courts, we hold that the defendant had a right to litigate the legal question involved. See *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454); *Norfolk &*

*Dedham Mutual Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (196 SE2d 167). The trial court erred in not eliminating the question of bad faith and penalty from the case.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 29, 1974 — DECIDED JUNE 19, 1974.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellant.

*Cobb, Blandford & Werbin, John L. Blandford,* for appellees.