**William and Mabel HAINES, Dale L. and Mary Ann Tubbs, Plaintiffs-Appellants,**

v.

**UNITED SECURITY INSURANCE COMPANY and United Fire and Casualty Company, Defendants-Appellees.**

No. 79CA0413.

Colorado Court of Appeals,
Div. II.

Oct. 11, 1979.

William R. Rapson, Darryl G. Kaneko, Denver, for plaintiffs-appellants.

DeMoulin, Anderson, Campbell & Laugesen, Laird Campbell, Robert L. McGahey, Jr., Denver, for defendant-appellee United Security Ins. Co.

Valdis Moritis, Arvada, for defendant-appellee United Fire and Casualty Co.

RULAND, Judge.

Plaintiffs, William and Mabel Haines, and Dale and Mary Tubbs, appeal from a summary judgment dismissing their property damage insurance claims against defendants, United Security Insurance Company and United Fire and Casualty Company. The judgment was made final for purposes

of appeal pursuant to C.R.C.P. 54(b). We affirm.

The facts are not in dispute. On July 5, 1977, heavy rainfall entered a sewer line being constructed by the City of Denver near plaintiffs' residences. As a result, excessive pressure in the line caused raw sewage to be discharged into the basements.

As of July 5, United Security had insured the Haines residence under a homeowners policy, and United Fire had coverage in effect for Tubbs. Each policy covered loss due to "[a]ccidental discharge or overflow of water . . . from *within a plumbing . . . system.*" (emphasis supplied) However, each policy also included a section labeled "ADDITIONAL EXCLUSIONS" which stated:

"This policy does not insure against loss:

3. Caused by, resulting from, contributed to or aggravated by any of the following:

b. Water which backs up through sewers or drains."

Relying upon *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974), plaintiffs argue that a comparison of the language of the insuring agreement with the exclusion reveals an ambiguity which must be construed in their favor as the insureds so as to afford coverage. In support of the contention that the quoted provisions of the policies create an ambiguity, plaintiffs rely upon cases such as *World Fire & Marine Insurance Co. v. Carolina Mills Distributing Co.*, 169 F.2d 826 (8th Cir. 1948); *Kraftsow v. Brown*, 172 Pa.Super. 581, 94 A.2d 183 (1953); and *Aetna Fire Underwriters Insurance Co. v. Crawley*, 132 Ga.App. 181, 207 S.E.2d 666 (1974).

The *World Fire* and *Kraftsow* line of cases is inapposite here because the defect which caused damage existed within the insured's plumbing system. *Aetna* does support plaintiffs' contention, but we are persuaded that the correct interpretation of policy provisions is set forth in *Hallsted v. Blue Mountain Convalescent Center, Inc.*,

23 Wash.App. 349, 595 P.2d 574 (1979). In *Hallsted* on similar facts, the court focused on the importance of the phrase "within . . . a system," appearing in the general coverage provision of the policy. In resolving the alleged ambiguity between the coverage and exclusion provisions, the court stated:

"When the ADDITIONAL EXCLUSIONS clause and [coverage provision] are read together, it is apparent they are not contradictory. If the cause of the discharge is in the plaintiff's system, e. g., a clogged sink drain which causes water in the plumbing system to overflow, the ADDITIONAL EXCLUSIONS clause does not apply. If the cause of the discharge is outside that system, e. g., a clogged sewer pipe which forces water from outside plaintiff's system to overflow, then the cause [sic] is applicable even though the water flowed through plaintiff's plumbing system."

Thus, because the cause of the flooding here resulted from outside forces causing the water to back up through the system, the exclusion controls. *See Brown v. Farmers Automobile Insurance Association*, 106 Ill. App.2d 360, 245 N.E.2d 260 (1969) (abstract opinion); *Jackson v. American Mutual Fire Insurance Co.*, 299 F.Supp. 151 (M.D.N.C. 1968), *aff'd*, 410 F.2d 395 (4th Cir. 1969). Hence, the rule in *Koncilja* does not apply.

Plaintiffs next contend that entry of summary judgment was improper because material issues of fact exist as to the intention of the parties at the time of the contracting for the insurance. However, an attempt must first be made to determine the intent of the parties from the language of the policy, *Security Mutual Casualty Co. v. Century Casualty Co.*, 531 F.2d 974 (10th Cir. 1976), and then, where, as here, the policy is unambiguous the policy exclusion must be interpreted as written. *Urtado v. Allstate Insurance Co.*, 187 Colo. 24, 528 P.2d 222 (1974).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.