**Ivonna C. RUFFINO and Robert J. Ruffino, Plaintiffs–Appellants**

v.

**Herman E. RUSSELL, M.D., Defendant–Respondent.**

**No. 56458.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1990.

---

**153**

Jack F. Allen, Clayton, for plaintiffs-appellants.

Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, Ivonna C. Ruffino and Robert J. Ruffino, appeal after verdict and judgment in favor of defendant, Dr. Herman E. Russell. Dr. Russell treated Mrs. Ruffino for a tri-malleolar fracture and dislocation of the right ankle. The jury rejected plaintiffs' theory that the doctor was negligent in not treating with an open reduction, not promptly treating, and, for failure to administer antibiotics. Mrs. Ruffino alleged defendant's negligence caused a post operative infection, and failure of proper healing resulting in a permanent disability.

Plaintiffs' three "Points Relied On" are as follows:

I—The trial court erred in not excusing from the panel prospective jurors Wright and Cates;

II—The trial court erred in quashing the subpoena issued at the behest of the Ruffinos directed to the records custodian of Deaconess Hospital; and,

III—The trial court erred in allowing the extensive use of leading questions by defendant's attorney in his cross-examination of his own client.

Plaintiffs' points relied on fail to specify wherein and why any action or ruling of the trial court was erroneous. Plaintiffs' brief wholly fails to comply with the requirements of Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679, 685–686 (Mo. banc 1978). It is not necessary for us to reproduce the discussion of the Supreme Court on this issue. *Id.* 685–686. We adopt and reaffirm what was written there on this issue. We also note the provisions of Rule 84.13(a), effective January 1, 1989.

In the present case, there is no justification for this court to speculate about what actions or rulings plaintiffs' intended to challenge as error. Before reaching this conclusion we studied all parts of the legal file and transcript and conclude the points relied on *may* allude to matters which were not preserved for review by timely request or objection before the trial court. Further, we find allegations in plaintiffs' motion for new trial, which may or may not relate to the points plaintiffs' intended to rely on in this court, unsupported by the record. For example, in the motion for new trial plaintiffs claim the court refused to exclude two jurors "as specifically requested by plaintiffs." The claim is unsupported because no specific motions or requests were made during voir dire. Also, cross-examination of defendant by defendant's counsel was conducted without objection by plaintiffs' on the ground questions were leading and the trial court made no rulings which permitted improper cross-examination.

We affirm. Rule 84.16(b).

PUDLOWSKI, P.J., and CRANDALL, J., concur.