Michael IRWIN, Plaintiff–Appellant,

v.

**WAL–MART STORES, INC.,**
**Defendant–Respondent,**

and

**SmithKline Bioscience Laboratories, Ltd., Defendant–Respondent.**

**No. WD 43707.**

Missouri Court of Appeals,
Western District.

July 9, 1991.

Charles L. House (argued), James P. Cannon, Kansas City, for plaintiff-appellant.

Stanley E. Craven Kansas City, for Wal–Mart. Patrick C. Cena, Kansas City, for SmithKline.

Before NUGENT, P.J., WASSERSTROM, Senior Judge, and KENNEDY and GAITAN, JJ.

NUGENT, Presiding Judge.

Plaintiff Michael Irwin appeals from the trial court's entry of summary judgment in favor of defendants Wal–Mart Stores, Inc., and SmithKline Bioscience Laboratories, Ltd. We affirm the judgment of the trial court.

The plaintiff raises nine points on appeal. We do not address each point individually, in part because several points raise issues similar to each other, and in part because the plaintiff, in violation of Rule 84.04(d), has failed to cite any authority to support his arguments on five points, *Thummel v. King*, 570 S.W.2d 679, 687 (Mo.1978) (en banc); *Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 396 (Mo.App.1984), and in one

point has not set out what action or ruling of the court he deems erroneous and the extant error. *Thummel, supra,* at 685; *Ruffino v. Russell,* 786 S.W.2d 152, 153 (Mo.App.1990). Nevertheless, because our courts follow the policy of deciding cases on the merits wherever possible, *Thummel, supra,* at 690, we address the issues raised by the plaintiff. Those we have narrowed to three: whether Wal–Mart acted negligently in dismissing him; whether SmithKline acted negligently in concluding that his urine sample revealed traces of a controlled substance; and whether either defendant slandered and libeled him in reporting the results of his urinalysis.

In January, 1989, plaintiff Irwin, a managerial employee of Wal–Mart, signed a consent form involving mandatory drug testing. Basically, the form stipulated that he consented to taking drug tests; that if a test revealed traces of a controlled substance in his body he would take a thirty-day unpaid leave of absence during which time he would participate in a drug rehabilitation program; and if he did not participate in the program or did participate and failed, Wal–Mart could fire him. Shortly thereafter, the company instructed him to submit to a urinalysis. He did so at a doctor's office. The urine sample, in a sealed container signed by Mr. Irwin went to SmithKline's laboratory, which had contracted with Wal–Mart to analyze Wal–Mart employees' urine specimens. SmithKline tested the specimen twice. Both tests revealed traces of cocaine in the urine.

On January 31, Wal–Mart told Mr. Irwin of the result and suspended him for thirty days without pay, effective on February 4. In a deposition Mr. Irwin testified that on January 31 he submitted another specimen to the doctor who had taken the first. He further testified that that specimen tested negative for drugs, that he offered the test result to Wal–Mart, and that Wal–Mart refused to consider that result.

Three weeks into his suspension, Wal–Mart told the plaintiff that it would permit him an additional thirty days in which to undergo the drug rehabilitation program. He refused to enter a program and the company fired him. Wal–Mart listed the reason for his termination as his refusal to enter a drug treatment program after testing positive. In his service letter, the company, in part, explained that Mr. Irwin "was placed on a leave of absence without pay when, during a routine drug screening, results of a urinalysis revealed an unacceptable level of a controlled substance in his system."

The plaintiff filed this action against both defendants, and the trial court entered summary judgment. SmithKline proffered the result of Mr. Irwin's urinalysis. The plaintiff submitted neither the result of the second urinalysis nor the deposition of the doctor or laboratory technician who ran the second test.

▮▮▮ We review a summary judgment as we would any court-tried or equity proceeding. If we can sustain the judgment under any theory, we must do so. *McReady v. Southard,* 671 S.W.2d 385, 387 (Mo.App.1984). If the trial court has reached a correct result for incorrect reasons, we still must affirm. *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston,* 526 S.W.2d 407, 429 (Mo. App.1975). We review the entire record in the light favorable to the party against whom the trial court entered judgment. *Fisher v. Scott & Fetzer Co.,* 664 S.W.2d 662, 663 (Mo.App.1984).

▮▮▮ A trial court must exercise great care in utilizing summary judgment. *Gal v. Bishop,* 674 S.W.2d 680, 682 (Mo.App. 1984). It may enter summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the law entitles the moving party to a favorable judgment. *Ronollo v. Jacobs,* 775 S.W.2d 121, 125 (Mo.1989) (en banc); Rule 74.04(c). The motion need not rest upon unassailable proof. *Schwartz v. Lawson,* 797 S.W.2d 828, 832 (Mo.App.1990). To overcome a motion for summary judgment, the opposing party may not rest upon mere allegations or denials, but must set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact.

St. Charles County v. Dardenne Realty Co., 771 S.W.2d 828, 830 (Mo.1989) (en banc). Facts of such probative value as would control or determine the litigation constitute "material facts." Schneider v. Forsythe Group, Inc., 782 S.W.2d 139, 142 (Mo.App.1989). Mere doubt and speculation do not create a genuine issue of material fact. St. Charles County, supra. Rather, the record must demonstrate a factual question that would permit a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986).

■ Mr. Irwin has adduced nothing that raises a genuine issue of material fact in his allegation that Wal–Mart acted negligently in dismissing him. No jury question exists where the uncontradicted record shows that he signed an agreement acknowledging the company's right to dismiss him if he tested positive for drugs and then refused to participate in a drug rehabilitation program and that he indeed tested positive, refused the program, and the company fired him.

■ Plaintiff Irwin adduced nothing other than his own doubts and speculation that SmithKline acted negligently in concluding that his specimen indicated cocaine in his system. The company adduced evidence of its testing technique demonstrating credibility, and the plaintiff introduced no evidence raising a genuine issue of material fact regarding the validity of that technique.

■ Finally, plaintiff Irwin placed nothing in the record that tended to show that either defendant engaged in libelous or slanderous behavior. Truth serves as a complete defense to an accusation of defamation. Pulliam v. Bond, 406 S.W.2d 635, 642 (Mo.1966). SmithKline reported to Wal–Mart only that the plaintiff's urinalysis showed that his system contained cocaine. Wal–Mart, in turn, reported in his service letter only that his drug test showed an unacceptable level of a controlled substance in his system. Contrary to Mr. Irwin's allegations, neither defendant accused him of illegally obtaining a drug or illegally using a drug. They each reported cold facts, which coincidentally may have led others to infer illegal drug use. Again, plaintiff Irwin raises no genuine issue of material fact necessitating a jury's decision.

The trial court acted properly in entering summary judgment for the defendants because the plaintiff failed to raise a single genuine issue of material fact. Accordingly, we affirm the judgment of the trial court.

All concur.