601 So.2d 1243 (1992)
OLD DOMINION INSURANCE COMPANY, Appellant,
v.
ELYSEE, INC., Appellee.
No. 91-2701.
District Court of Appeal of Florida, First District.
June 23, 1992.
Rehearing Denied August 3, 1992.
*1244 John F. Fannin and Mitchell A. Stone of Fannin & Tyler, P.A., Jacksonville, for appellant.
Robert M. Harris and Joshua A. Whitman of Fryefield & Whitman, Jacksonville, for appellee.
WOLF, Judge.
Appellant, Old Dominion Insurance Company (Old Dominion) appeals from a final order of partial summary judgment which found coverage under its insurance policy for damages sustained as a result of water that backed up from a main drain line outside the property of appellee (Elysee). Old Dominion asserts that the trial court erred in denying its motion for partial summary judgment on the issue of liability and in granting appellee's motion for partial summary judgment instead. We agree and reverse.
The appellee is the operator of a retail store at Regency Mall in Jacksonville. The appellee is insured with Old Dominion Insurance Company, the appellant. The appellee made a claim for payment of damages due to water backing up into its building, but the appellant asserted that the insurance policy did not provide coverage for such damage.
The exclusion asserted by Old Dominion in this case states:
B. EXCLUSIONS
1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
....
g. Water
(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
(2) Mudslide or mudflow;
(3) Water that backs up from a sewer or drain.

(Emphasis added). At the summary judgment hearing, the deposition of Richard Alverson, the plumber who attended to the water problem, was relied on by both parties. According to Alverson's deposition, he went into the appellee's store to clean out the main sewer line, and was required to go 225 feet into the main line to clear a blockage. The appellee's store is approximately 300 feet from the manhole. The blockage was in the main line before the manhole, but outside appellee's premises. According to the plumber's testimony, it was that blockage which caused the flooding in the appellee's store: When other stores which were connected to the main line used their toilets or sinks, the water was forced out at appellee's store, the point of least resistance off the main line. Alverson explained that the main line leads to a manhole which acts like a distribution box to a larger diameter line, the larger diameter line leads to a lift station, which then leads to a treatment plant. The water that came in at the appellee's store never reached the manhole, lift station, or treatment area. The plumber described the sewage system in these words:
Okay, where the sewer begins, the sewer begins on store property. I see what you're trying to say now. The store  from the fixtures to what they call the store perimeter, which would be like the corridor, that would no longer be the store perimeter anymore. It would be to *1245 the back of the store, that would be the store's responsibility. And where it ties into the main line, say five foot from the rear of the store to the main line, there that becomes the mall's property.
The appellee filed a motion for partial summary judgment on the issue of liability based on Alverson's deposition. The appellant filed a cross motion for summary judgment in its favor. The trial court granted the partial summary judgment on liability in favor of the appellee, finding that the appellee's water damage was caused by the backing up of water from a blockage in the plumbing system "before the water reached a sewer or drain," concluding that the water damage did not occur as a result of water backing up from a sewer or drain.
There is no dispute between the parties concerning where the blockage occurred or the function of the pipe where the blockage occurred  the blockage was off appellee's premises in a main drain pipe that serviced the entire mall, at a point before sewage entered the city's sewage system. The only dispute concerns what is meant by the words "sewer" or "drain" utilized in appellant's insurance policy. These words are not defined in the policy.
When the operative language of an insurance policy is deemed to be ambiguous, the policy must be construed to provide coverage. Rigel v. National Casualty Co., 76 So.2d 285 (Fla. 1954); Travelers Ins. Co. v. Bartoszewicz, 404 So.2d 1053 (Fla. 1981); National Merchandise Co., Inc. v. United Service Auto Ass'n, 400 So.2d 526 (Fla. 1981). While the terms "sewer" and "drain" are not defined in the insurance policy, the mere failure to provide a definition for a term does not render the term ambiguous. Jefferson Ins. Co. v. Sea World of Florida, Inc., 586 So.2d 95 (Fla. 5th DCA 1991); Traveler's Ins. Co. v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979). Terms in insurance policies, like terms in a statute, should be accorded their plain and unambiguous meaning. Silva v. Southwest Blood Bank, Inc., 601 So.2d 1184 (Fla. 1992); Jefferson Ins. Co., supra. Where the plain meaning of terms contained in an exclusion is not ambiguous, there is no occasion for employing the rule of construction against the insurer, and the court simply applies the plain meaning provision. Quality Imports, Inc. v. Saint Paul Fire and Marine Ins. Co., 566 So.2d 293 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 290 (Fla. 1991); Great Global Assurance Co. v. Shoemaker, 599 So.2d 1036 (Fla. 4th DCA 1992).
The common understanding of the words "sewer" and "drain" is that they describe devices which carry water and sewage away from property. It is also understood that a plumbing blockage which contains waste from another premises must be a backup from a "sewer" or "drain." Webster's New World Dictionary, Third College Edition (1988) defines the words as follows:
Sewer  a pipe or drain usually underground, used to carry off water and waste matter.
Drain  channel or pipe for carrying off water, sewage, etc.
The cases cited by appellant indicate that the general understanding in the case law is that a sewer or drain begins at the appellant's property line. Hallsted v. Blue Mountain Convalescent Center, Inc., 23 Wash. App. 349, 595 P.2d 574 (1979); Jackson v. American Mut. Fire Ins. Co., 299 F. Supp. 151 (M.D.N.C. 1968), affirmed 410 F.2d 395 (4th Cir.1969); Haines v. United Security Ins. Co., 43 Colo. App. 276, 602 P.2d 901 (1979). While each of these cases may be distinguished based on the fact that the insurance policies involved specifically contain language which provides coverage for leakage or failures of the internal plumbing system, we find that they are, nevertheless, persuasive as to the meaning of exclusions concerning backups from sewers and drains. We do not find that the lack of specific coverage language in the policy here causes the language in the exclusion to be ambiguous. In addition, the only testimony presented by either party, that of the plumber who attended the problem, included his opinion that the sewer began at the property line.
We, therefore, find that the trial judge incorrectly ruled that the damages suffered *1246 by the appellee were covered by appellant's insurance policy. We reverse the summary judgment and remand for entry of a summary judgment for the appellant, indicating that there is no coverage under the policy.
ZEHMER and BARFIELD, JJ., concur.