**Ervin RODIN and Sarah Rodin, Appellants,**

v.

**STATE FARM FIRE & CASUALTY CO., Respondent.**

**No. 61365.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1992.

Application to Transfer Denied Jan. 26, 1993.

Blair K. Drazic, St. Louis, for appellants.

Kevin P. Schnurbusch, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Plaintiffs Ervin and Sarah Rodin appeal from a judgment entered in the Circuit Court of St. Louis County.

Plaintiffs' home was insured by defendant State Farm Fire & Casualty Company. In May, 1989, roots in the Metropolitan Sewer District's (MSD) system caused sewage to back up into the homes of the plaintiffs and their neighbor. Ervin Rodin described the eight inches of effluent that entered his basement as an odorous, viscous, black liquid with solid matter floating in it. He further stated that the liquid was definitely not water.

Plaintiffs filed suit against State Farm to recover their losses from the sewage backup. State Farm filed a motion for summary judgment stating that its policy did not cover water damage caused by water which backs up through sewers or drains. State Farm filed the affidavits of its adjuster and a MSD maintenance foreman in support of its motion. The MSD foreman stated that the blockage in the main sewer line caused water from customer's homes further up the line to back up into plaintiffs' home. He further stated that the backup would contain water from the drains and toilets in customers' houses and possibly rain or surface water misdirected into the sanitary sewer system. The adjuster stated that water had backed up into the basement and caused water damage. Plaintiffs countered with a cross-motion for summary judgment and Ervin Rodin's affidavit that the substance was not water. The trial court granted State Farm's mo-

tion for summary judgment, finding that coverage was excluded because the damage was caused by the back up of water and sewage into plaintiffs' home. Plaintiffs appeal. We affirm.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Cape Retirement Community, Inc. v. Kuehle*, 798 S.W.2d 201, 202 (Mo.App.1990). The motion need not rest on unassailable proof. *Irwin v. Wal–Mart Stores, Inc.*, 813 S.W.2d 99, 101 (Mo.App.1991). To overcome a motion for summary judgment the opposing party may not rest upon mere allegations or denials, but must set forth specific facts that demonstrate the existence of an outstanding genuine issue of material fact. *Id.* Mere doubt and speculation do not create a genuine issue of material fact. *Id.* at 102. Rather, the record must demonstrate a factual question that would permit a reasonable jury to return a verdict for the non-moving party. *Id.*

The pertinent policy exclusion provides: We do not insure for loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

\* \* \* \* \* \*

c. Water damage, meaning:

\* \* \* \* \* \*

(2) Water which backs up through sewers or drains:

Plaintiffs argue that the damage they sustained was not caused by water but by the organisms carried into their house by the water. Therefore, they claim the exclusion of water damage does not eliminate coverage for damage from sewage. In effect plaintiffs contend the language of the policy, construed against the insurer, excludes only damage from pure water, not from pollutants contained in water.

Plaintiffs' argument that the policy excludes "only water damage" overlooks the

totality of the exclusion. What is excluded from coverage, is the "loss which would not have occurred in the absence of" the event of "water damage," including "water which backs up through sewers or drains," regardless of other causes acting "concurrently ... with the excluded event to produce the loss." Therefore, whether the loss was caused by pure water or by the pollutants contained in the sewage acting concurrently with water, it is excluded from coverage by clear, unambiguous policy language. Courts in other jurisdictions, finding no ambiguity in insurance policy language excluding from coverage loss resulting from water backing up through sewers and drains, have reached similar conclusions. *See, Jackson v. American Mutual Fire Ins. Co.,* 299 F.Supp. 151 (N.D.N.C.1968), *aff'd* 410 F.2d 395 (4th Cir. 1969); *Haines v. United Security Ins. Co.,* 43 Colo.App. 276, 602 P.2d 901 (1979); *Gammons v. Tennessee Farmers Mutual Ins. Co.,* No. 85–334–II, 1986 WL 13039 (Tenn.App. Nov. 19, 1986); *Halstead v. Blue Mountain Convalescence Center,* 23 Wash.App. 349, 595 P.2d 574 (1979).

Judgment affirmed.

CRANE and SIMON, JJ., concur.