**Russell NEWBERG, et al., Respondents,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Appellant.**

No. C8–00–1062.

Court of Appeals of Minnesota.

Nov. 21, 2000.

Joseph J. Dudley, Jr., Thomas C. Plunkett, Mark K. Thompson, Dudley and Smith, P.A., St. Paul, for respondents.

Paul A. Banker, Theodore J. Smetak, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for appellant.

Considered and decided by WILLIS, Presiding Judge, CRIPPEN, Judge, and PETERSON, Judge.

## OPINION

CRIPPEN, Judge.

Appellant Commercial Union Insurance Company challenges the trial court's summary judgment for respondents Russell and Delores Newberg, who claimed that coverage for damages from a discharge of raw sewage through their basement drains was unaffected by an exclusion for loss caused "directly or indirectly" by water damage, meaning: "water which backs up through sewers and drains." Concluding that reasonable minds cannot differ on the scope of the exclusion, we reverse and remand for entry of summary judgment for appellant.

## FACTS

Commercial Union claims that the water-damage exclusion in respondents' policy precludes coverage for appellants' losses.[1] Noting in its findings and conclusions

---

1. The water-damage exclusion provides:1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any se-

that "raw sewage"[2] was not "explicitly" written in the exclusion, the trial court found "damage caused by the back-up of raw sewage" was outside the plain and ordinary meaning of the policy's exclusionary clause. As a result, the trial court granted summary judgment for respondents and denied appellant's cross motion for summary judgment.

## ISSUE

Did the trial court erroneously construe the governing policy exclusion?

## ANALYSIS

■ On appeal from the trial court's summary judgment, we are to determine whether there are any issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The interpretation of insurance language is a question of law that an appellate court reviews independently. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992). The reviewing court reads the evidence in the light most favorable to the party against whom judgment was granted. *Nygaard v. State Farm Ins. Co.,* 591 N.W.2d 738, 740 (Minn.App.1999), *review denied* (Minn. June 29, 1999).

■ An insurer has the burden of proving that a policy exclusion applies. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). Moreover, courts will construe exclusions from coverage narrowly. *State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992). Minnesota has a strong policy of extending coverage rather than restricting it by "confusing or ambiguous language." *Hennen v. St. Paul Mercury Ins. Co.,* 312 Minn. 131, 136, 250 N.W.2d 840, 844 (1977). But the language of an insurance policy is ambiguous only if it is reasonably subject to more than one interpretation. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.,* 275 N.W.2d 32, 34 (Minn.1979). Courts will not redraft insurance policies to provide coverage where the plain language of the policy indicates no coverage exists. *Ostendorf v. Arrow Ins. Co.,* 288 Minn. 491, 494–95, 182 N.W.2d 190, 192 (1970).

■ Numerous considerations have led us to conclude that "water which backs up through sewers or drains" includes various compositions of "raw sewage."

First, the impact of the water-damage exclusion is substantially enlarged by the language extending the concept to losses caused "indirectly" by water backing up through sewers or drains, thus including the situation where water carries with it other substances.

Second, we find compelling the reasonableness in understanding water that backs up "through sewers or drains" includes sewer water or water containing various levels of raw sewage.

Third, having in mind the implausibility of determining at what level water containing foreign substances ceases to be water, we find unreasonable a construction of "water" that is confined to pure water or water containing substances other than sewage.

Under the circumstances, we believe that the exclusionary clause is applicable and that it is unreasonable to interpret the clause in any other manner. As a result, we conclude that the plain and ordinary meaning of the water-damage exclusion includes water containing raw sewage, and that appellant was successful in proving that the exclusion applies in this case.

We do not doubt, as respondent contends and as the trial court concluded, appellant might have more explicitly addressed the types of watery substances that might back up through sewers or drains and were to be excluded from coverage. That being said, it does not follow

---

quence to the loss. * * * * c. Water Damage, meaning: * * * *Water which backs up through sewers or drains or which overflows from a sump[.]

2. The trial court characterized the damaging substance as raw sewage, but it made no determination of the extent to which the back-up was composed of water.

that it is reasonable to read the word "water" with a level of literalism that fails to take into account the other language in the exclusion.

In being reminded that other courts have reached the same conclusion,[3] we also acknowledge the good cause for disillusionment by the insured who has been denied coverage for a substantial loss. If justice requires a different result, this will not be accomplished by an erroneous construction of the policy language but must instead be resolved through legislative or administrative review of policy exclusions.

Finally, we note the trial court's alternative rationale that respondents reasonably expected coverage would be provided for a backup of sewage. There is no evidence that the water-damage exclusion was hidden and our conclusion that the plain meaning of the exclusion precludes coverage renders moot any examination of respondents' expectations.

Appellant contends that respondents' claim is also excluded by the pollution exclusion. Having determined that the water-damage exclusion applies, we decline to review this position.

## DECISION

The trial court erred in concluding that respondents' insurance policy covers damages caused by the backup of raw sewage where the water-damage exclusion unambiguously precludes coverage for damage caused "directly or indirectly" by "water which backs up through sewers or drains."

**Reversed and remanded.**

---

3.  See, e.g., Haines v. United Sec. Ins. Co., 43 Colo.App. 276, 602 P.2d 901, 902 (1979) (finding policy exclusion unambiguously precluded coverage for discharge of raw sewage); Rodin v. State Farm Fire & Cas., 844 S.W.2d 537, 539 (Mo.Ct.App.1992) (finding by looking at the "totality of the exclusion," water-damage exclusion also excludes raw sewage); Capelouto v. Valley Forge Ins. Co., 98 Wash.App. 7, 990 P.2d 414, 419 (1999) (stating insured's understanding of water-damage exclusion was not reasonable where insured argued that sewage is distinct from water); Hallsted v. Blue Mountain Convalescent Ctr., Inc., 23 Wash.App. 349, 595 P.2d 574, 575 (1979) (holding water-damage exclusionary clause as unambiguous as applied to backup of raw sewage). But see Florida Farm Bureau Ins. Co. v. Birge, 659 So.2d 310, 311 (Fla.Dist. Ct.App.1994) (holding policy ambiguous where the average homeowner would not interpret the policy as precluding coverage for raw-sewage damage); Sterling v. City of W. Palm Beach, 595 So.2d 284, 285 (Fla.Dist.Ct. App.1992) (finding ambiguity as to whether water-damage clause also excluded raw-sewage damage).