GENE RICHARD CITRANO, JR., vs. HINGHAM MUTUAL FIRE INSURANCE COMPANY. No. 01-P-544. May 20, 2003. *Insurance,* Homeowner's insurance, Property damage. *Words,* "Sewage."

The plaintiff sought payment under his homeowner's policy for property damage to his finished basement and its furnishings caused by a two-foot flood of water-borne raw sewage that had backed up through a basement toilet during heavy rains. The defendant, issuer of the policy, denied coverage under a policy exclusion that reads:

> "We do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss. . . . 7. *Water Damage* — We do not pay for loss which results, from the following: . . . b. water which backs up through sewers or drains. . . ."

The judge correctly entered summary judgment for the defendant, rejecting the plaintiff's argument that the exclusion did not apply because the damage was caused by sewage, not water. The water referred to in exclusion 7.b. is

---

not pure tap water or rain water, but only water that backs up from sewers (or drains). By common usage as well as by lexical definition, "sewage" implies waste borne in water. See, e.g., Webster's Third New International Dictionary 2081 (1993) ("sewage . . . contents of a sewer or household drain; refuse liquids or waste water carried off by sewers"; "sewer . . . an artificial usu. subterranean conduit to carry off water and waste matter [as surface water from rainfall, household waste from sinks or baths, or waste water from industrial works]"). See also Oxford English Dictionary 2756 (Compact ed. 1971). Both dictionaries track the etymology of sewage through the middle French "essewer," meaning to drain, from the Vulgate Latin "exaquare," and from the Latin "ex aqua." Even if, contrary to the lexical definition, we were to differentiate between the sewer water and the sewage carried in it, and to accept the plaintiff's contention that the damage to his basement was caused exclusively by the sewage, the plaintiff's loss would still be governed by the exclusion because it was the water backup through the sewer line that was the vehicle by which the damaging agent, the sewage, permeated the basement and its furnishings. The water was thus at least a contributing cause of the loss, the whole of which, by the terms of the exclusion, was exempted from coverage.

Cases in other jurisdictions reaching the same conclusion include *Silow vs. State Farm Ins. Co.*, U.S. Dist. Ct., No. Civ. 94-2956 (E.D. Pa. Dec. 20, 1994); *Newberg* v. *Commercial Union Ins. Co.*, 619 N.W.2d 757, 759 (Minn. Ct. App. 2000); *Rodin* v. *State Farm Fire & Cas. Co.*, 844 S.W.2d 537, 538-539 (Mo. Ct. App. 1992); and *Capeluto* v. *Valley Forge Ins. Co.*, 98 Wash. App. 7, 16-18 (1999). A contrary result was reached in *Florida Farm Bureau Federation* v. *Birge*, 659 So. 2d 310 (Fla. Ct. App. 1994), a per curiam decision devoid of detailed analysis (except for that contained in the able dissenting opinion filed by one member of the three-judge panel). Like other courts (*Newberg, supra* at 760 n.3; *Capeluto, supra* at 17), we decline to follow its lead.

*Judgment affirmed.*

*Peter Antell* (*Robert Feigin* with him) for the plaintiff.

*Kevin Hensley* for the defendant.

