NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3540

AKC, INC., D.B.A. CLEANTECH, APPELLEE, *v.* UNITED SPECIALTY INSURANCE COMPANY, APPELLANT, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *AKC, Inc. v. United Specialty Ins. Co.*, Slip Opinion No. 2021-Ohio-3540.]**

*Insurance—Policy language is plain and unambiguous—Water-backup exclusion bars coverage for damage caused directly or indirectly by water that backs up or overflows from a sewer—Court of appeals' judgment reversed.*

(No. 2020-0405—Submitted April 13, 2021—Decided October 6, 2021.)

APPEAL from the Court of Appeals for Summit County,
No. CA 29197, 2019-Ohio-2809.

_____

**FISCHER, J.**

{¶ 1} In this case, we are asked for the first time to interpret a provision that is found in just about every commercial and personal-property insurance policy issued in Ohio. Specifically, we are asked to decide whether an exclusion that bars

coverage for damage caused by "water that backs up or overflows from a sewer" includes damage caused by sewage carried into an insured property by a backup or overflow event. Based on the plain and unambiguous language in the policy before us, we hold that it does and therefore reverse the judgment of the Ninth District Court of Appeals.

## I. BACKGROUND

{¶ 2} In 2014, sewage from the local sewer system backed up into the Bank Nightclub in Akron, Ohio. The bar was insured at the time by appellant, United Specialty Insurance Company.

{¶ 3} Soon after the bar was flooded, the bar hired appellee, AKC, Inc., d.b.a. Cleantech, to clean up the site. The bar also submitted a claim to its insurer, United Specialty. Citing an exclusion in the bar's policy for damage caused by water that backs up or overflows from a sewer, United Specialty denied that claim.

{¶ 4} Following that declination of coverage, the bar assigned AKC any claims it might have against United Specialty, and AKC eventually instituted this breach-of-contract action. After the trial court granted summary judgment in favor of United Specialty and the Ninth District Court of Appeals reversed, the case found its way here. *See* 159 Ohio St.3d 1417, 2020-Ohio-3365, 147 N.E.3d 662.

## II. ANALYSIS

{¶ 5} As stated above, the primary issue in this case is whether there is coverage under the United Specialty policy for damage to an insured property caused by sewage that backs up or overflows from a sewer.

{¶ 6} United Specialty, pointing once more to the water-backup and pollution exclusions, contends that its policy does not cover this type of damage. AKC, attempting to draw a distinction between pure forms of water (e.g., rainwater) and less pure forms of water (e.g., sewage), asserts that there is coverage. In making this argument, AKC asks us to affirm the Ninth District's judgment and to conclude

that the United Specialty policy is ambiguous and does not clearly exclude damage caused by sewage.

{¶ 7} Our review of this issue is de novo, *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995), and begins and ends with the water-backup exclusion found in Section B.1.g(3) of the United Specialty policy, which provides that United Specialty "will not pay for loss or damage caused directly or indirectly by * * * [w]ater that backs up or overflows from a sewer, drain or sump."

{¶ 8} Because an insurance policy is just a contract between an insurer and its insured, we apply plain and unambiguous terms in the policy as they are written. *Ohio N. Univ. v. Charles Constr. Servs., Inc.*, 155 Ohio St.3d 197, 2018-Ohio-4057, 120 N.E.3d 762, ¶ 11. Applied here, this means that a hyperliteral reading of the term water is inappropriate and that damage caused by sewage that backs up or overflows from a sewer is clearly excluded.

{¶ 9} Obviously, "[w]ater that backs up or overflows from a sewer" is going to contain sewage. In fact, there is no doubt that the average person purchasing insurance would understand this to be so. *Capelouto v. Valley Forge Ins. Co.*, 98 Wash.App. 7, 17, 990 P.2d 414 (1999). After all, sewers carry a watery mixture that most people typically call "sewage." *See Webster's Third New International Dictionary* 2081 (2002) (defining a "sewer" as a "conduit to carry off water and waste matter" and defining "sewage" as "refuse liquids or waste matter carried off by sewers").

{¶ 10} Notwithstanding the plain and unambiguous language in the policy, the Ninth District reached a contrary conclusion on the coverage question presented here, finding the water-backup exclusion ambiguous and in need of strict construction. 2019-Ohio-2809, ¶ 19. To reach that result, the court of appeals relied on an anomalous and unreported decision, which concluded that a different water-backup exclusion was ambiguous because it also did not specifically use the

word sewage. *Id.* at ¶ 16-19; *see Fairlawn Properties, Inc. v. Liberty Mut. Ins. Co.*, 9th Dist. Summit No. 10671, 1982 WL 5163, *3 (Dec. 8, 1982). Both the dissenting opinion and AKC would have us adopt that reasoning now. We decline to do so, however.

{¶ 11} First, while exclusions in insurance contracts are read narrowly in Ohio to apply "only to that which is *clearly* intended to be excluded," (emphasis sic) *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd*., 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992), that rule of strict construction does not permit a court like ours to ignore the obvious intent of an exclusionary provision, *id.* In this case, the obvious intent of the water-backup exclusion is to bar coverage for "damage caused directly or indirectly by * * * [w]ater that backs up or overflows from a sewer," i.e., damage caused by sewage.

{¶ 12} Second, and more importantly, "a court cannot create ambiguity in a contract where there is none," *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-4838, 896 N.E.2d 666, ¶ 16. This includes creating an ambiguity by asking whether the parties could have included different or more express language in their agreement. *See* 11 Lord, *Williston on Contracts*, Section 30:4 (4th Ed.2021). But that is precisely what the Ninth District did in this case and in *Fairlawn Properties*, and it is why those decisions were flawed.

{¶ 13} The question is not whether the water-backup exclusion could have been worded differently or should have specifically stated that it applied to sewage, even though "it could have easily and succinctly done so with the mere addition of the very word," 2019-Ohio-2809 at ¶ 18. Rather, the question is whether the water-backup exclusion, as written, applies to sewage carried into an insured property during a backup or overflow event. Plainly it does.

{¶ 14} Speaking of the appellate court's decisions in this case and in *Fairlawn Properties*, it is also worth pointing out that those decisions are outliers. When confronted with similar loss events, similar policy provisions, and similar

arguments by disappointed policyholders, our sister courts around the country have frequently and rather uniformly held that damage caused by sewage is excluded under the standard water-backup exclusion. *See, e.g.*, *Penn-America Ins. Co. v. Mike's Tailoring*, 125 Cal.App.4th 884, 890, 22 Cal.Rptr.3d 918 (2005); *Citrano v. Hingham Mut. Fire Ins. Co.*, 58 Mass.App.Ct. 906, 788 N.E.2d 975 (2003); *Rodin v. State Farm Fire & Cas. Co.*, 844 S.W.2d 537, 538-539 (Mo.App.1992).

{¶ 15} Thus, in light of the plain and unambiguous language in the policy before us and the decisions of numerous courts across the country, the water-backup exclusion clearly includes damage caused by sewage, and there is no coverage here.

{¶ 16} Of course, if all of this seems harsh, it is worth observing that there are standard endorsements available for purchase that effectively remove the water-backup exclusion from the policy and provide property owners with coverage for this sort of event. For whatever reason, though, the insured in this case did not purchase that coverage. And while that is unfortunate for AKC, who is standing in the shoes of the insured here, that is not something that we can change or overlook. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 362, 678 N.E.2d 519 (1997) ("It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result").

### III. CONCLUSION

{¶ 17} Accordingly, for the reasons stated above, we hold that the water-backup exclusion includes damage caused by sewage. Furthermore, because the water-backup exclusion conclusively resolves this dispute, we have no need to consider whether coverage in this case is additionally barred under a different exclusion in the United Specialty policy applicable to the discharge, release, and seepage of pollutants. The judgment of the Ninth District Court of Appeals is therefore reversed and the trial court's award of summary judgment in favor of United Specialty is reinstated.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, DEWINE, and DONNELLY, JJ., concur.

STEWART, J., dissents, with an opinion joined by BRUNNER, J.

_____

**STEWART, J., dissenting.**

{¶ 18} I would dismiss this case as having been improvidently accepted. The issue before us does not concern a question of public or great general interest. Instead, this case involves a typical insurance coverage dispute that is particularly inappropriate for our review due to the lack of clarity in the lower court decisions. Alternatively, I would affirm the judgment of the Ninth District Court of Appeals because the language of the policy at issue is subject to more than one reasonable interpretation.

{¶ 19} Appellant, United Specialty Insurance Company, moved for summary judgment based on the *pollution-exclusion* provision in the insurance policy. The trial court granted the motion, concluding in its order that the policy's pollution exclusion barred recovery. However, the trial court's stated reason that the pollution exclusion bars recovery was inconsistent with its conclusion. The court had found in the prior paragraph that the pollution exclusion *did not apply* in this case: "Do the stated terms 'discharge, dispersal, seepage, migration, release or escape' [of the pollution exclusion] encompass the terms back-up or overflow, where those two terms are defined independently elsewhere in the policy? No."

{¶ 20} The Ninth District reversed, sustaining appellee AKC, Inc.'s first assignment of error, which argued that "[t]he trial court erred in granting summary judgment in favor of United Specialty on the 'pollution exclusion' in the subject policy." However, the Ninth District determined that the pollution-exclusion issue was moot because the trial court had already concluded that that exclusion did not

6

apply.[1]  The court of appeals then addressed the determination made by the trial court that the policy's water-backup exclusion, which denies coverage for damage or loss caused by water that backs up or overflows into a property, includes raw sewage that backs up.  The court of appeals disagreed with the trial court, finding the exclusion reasonably susceptible of more than one interpretation and construing it liberally in favor of the insured.  *See Lane v. Grange Mut. Cos.*, 45 Ohio St.3d 63, 65, 543 N.E.2d 488 (1989) ("Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured").  The Ninth District relied upon its own precedent that analyzed a similar exclusionary provision:

> [Q]uestions arise as to whether the exclusion deals with water which backs up through storm sewers which ordinarily carry runoff and drainage water alone.  If the exclusion was to have encompassed raw sewage backing up from sanitary sewers it could have specifically so stated.

*Fairlawn Properties, Inc. v. Liberty Mut. Ins. Co.*, 9th Dist. Summit No. 10671, 1982 WL 5163, *2 (Dec. 8, 1982).  The court reasoned that had United Specialty wished to exclude sewage from coverage, it could have done so with the addition of that single word, but it did not.  *See Hartman v. Erie Ins. Co.*, 6th Dist. Wood No. WD-16-022, 2017-Ohio-668, ¶ 34 (analyzing a water-damage exclusion that includes " 'water *or sewage* which backs up through sewers or drains or water

---

1. Despite sustaining AKC's assignment of error, the Ninth District's opinion implicitly assumes that the trial court's conclusion that the policy's pollution exclusion barred recovery was a mistake, stating that the trial court "did not find that coverage was excluded as a basis of [the pollution-exclusion] provision" and that "this particular exclusionary provision was not applied by the trial court." 2019-Ohio-2809 at ¶ 11.  The Ninth District's analysis explaining why it was reversing the grant of summary judgment is based on the water-backup-exclusion provision of the policy.

which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area' " [emphasis added]).

{¶ 21} Here, the trial court did not address or distinguish the Ninth District's decision in *Fairlawn Properties*, and while the majority opinion paints the decision in *Fairlawn Properties* as an anomaly (rather than precedent in that district), the majority further fails to distinguish *Hartman* or cite contrary Ohio authority. Furthermore, *Fairlawn Properties* was not an anomaly. *See, e.g.*, *Am. Fin. Corp. v. Fireman's Fund Ins. Co.*, 15 Ohio St.2d 171, 174, 239 N.E.2d 33 (1968) ("the insurer, being the one who selects the language [in the contract], must be specific in its use, and an exclusion from liability must be clear and exact in order to be given effect").

{¶ 22} Instead, the majority insists that "a hyperliteral reading of the term water is inappropriate" as applied to this case. Majority opinion at ¶ 8. But the Ninth District did not embark on a "hyperliteral reading of the term water." It didn't have to. The Ninth District simply determined that United Specialty, as the drafter of the policy, could have easily made clear that any damage or loss caused by sewage is excluded from coverage under its water-backup-exclusion provision of the policy—just as it specifically made clear that "mudslide or mudflow" under Section B.1.g(2) of the policy is excluded from coverage.

{¶ 23} The majority opinion fails to properly analyze this case with its limited review of only one provision of the policy, declaring that its review "begins and ends with the water-backup exclusion found in Section B.1.g(3) of the United Specialty policy, which provides that United Specialty 'will not pay for loss or damage caused directly or indirectly by * * * [w]ater that backs up or overflows from a sewer, drain or sump.' " Majority opinion at ¶ 7. The majority then doubles down and, not surprisingly, concludes that "the obvious intent of the water-backup exclusion is to bar coverage for 'damage caused directly or indirectly by * * *

8

[w]ater that backs up or overflows from a sewer,' i.e., damage caused by sewage," *id.* at ¶ 11, and that "because the water-backup exclusion conclusively resolves this dispute, [the court has] no need to consider whether coverage in this case is additionally barred under a different exclusion," *id.* at ¶ 17.  In other words, in one fell swoop, the majority summarily concludes that (1) sanitary sewage is water (not a pollutant or anything else), and (2) as such, damage therefrom is excluded from coverage pursuant to Section B.1.g(3) of the policy, and (3) there is no need to look at any other provisions in the policy because the water-backup exclusion does the trick to bar coverage.  If only it were that simple.

{¶ 24} The majority's disregard for any other provision in the policy is disingenuous.  Conspicuously absent from the majority opinion is the proposition of law that United Specialty submitted, briefed, and argued to us: "The standard water backup *and pollution exclusions* * * * bar loss caused by or resulting from raw sewage."  (Emphasis added.)  Our review is not for the purpose of determining how many exclusions in the policy deny coverage to AKC for its loss.  Indeed, there need be only one.  But the questions are whether the sanitary sewage that caused the damage to the nightclub can undeniably be characterized as "water" and thus subject to the water-backup exclusion of the policy and whether the water-backup exclusion is susceptible to any other reasonable interpretation.  Alternatively, if the raw sewage is more appropriately characterized as a "pollutant" and thereby subject to the pollution-exclusion provision of the policy, the analysis is different.  The Ninth District determined that the water-backup exclusion does not clearly apply to sanitary sewage such that United Specialty is entitled to summary judgment as a matter of law.

{¶ 25} Moreover, the majority conveniently ignores the fundamental principle that this court has recognized for decades: that which is not clearly excluded from an insurance contract is included.  *Home Indemn. Co. of N.Y. v. Plymouth*, 146 Ohio St. 96, 101, 64 N.E.2d 248 (1945).  Similarly, and as I have

noted above, the trial court's grant of summary judgment in favor of United Specialty based on the water-backup exclusion (assuming the order contains a mistake) and the court of appeals' reversal based on the water-backup exclusion undermine the majority's holding that the language is plain and unambiguous. No matter how many times the majority insists that the policy language is plain and unambiguous, the lower courts' differing interpretations make clear that it is not.

{¶ 26} Accordingly, because this case concerns only an insurance coverage dispute between the parties and does not implicate a question of public or great general interest, I would dismiss it as having been improvidently accepted. Moreover, the underlying inconsistencies in the lower courts make the case inappropriate for our review. In the alternative, because the language of the policy at issue is subject to more than one reasonable interpretation, I would affirm the judgment of the court of appeals reversing summary judgment. There is an issue of material fact about whether the sanitary sewage that caused damage to the nightclub can be considered solely backed-up water, the damage therefrom thus excluded from insurance coverage under the water-backup-exclusion provision of the policy.

BRUNNER, J., concurs in the foregoing opinion.

_____

Robinson Law Firm, L.L.C., and Emmett E. Robinson, for appellee, AKC, Inc.

Collins, Roche, Utley & Garner, L.L.C., Richard M. Garner, and James S. Kresge, for appellant, United Specialty Insurance Company.

Cavitch, Familo & Durkin Co., L.P.A., and Gregory E. O'Brien, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Vorys, Sater, Seymour & Pease, L.L.P., and Natalia Steele, urging reversal for amici curiae Ohio Insurance Institute and American Property Casualty Insurance Association.

January Term, 2021

_____