[Cite as *Santiago v. Costanzo*, 2022-Ohio-611.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| DONNA SANTIAGO, | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 110339 and 110343 |
| v. | : | |
| ROBERT COSTANZO | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-912941

---

### *Appearances:*

The Keefe Law Firm, LLC, and Stephen T. Keefe, Jr.; John J. Spellacy & Associates and John J. Spellacy, *for appellant* Donna Santiago.

Costanzo & Lazzaro, P.L.L., and Raymond J. Costanzo, *for appellant* Robert Costanzo.

Law Office of John L. Antel, John L. Antel, and John E. Jackson, *for appellee* Grange Insurance.

MICHELLE J. SHEEHAN, J.:

{¶ 1} In this consolidated appeal, Robert Costanzo and Donna Santiago appeal the trial court's order granting third-party defendant Grange Property & Casualty Company summary judgment. Because Costanzo's homeowner's insurance policy issued by Grange excluded coverage for Santiago's injuries caused by Costanzo's dog, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In October 2015, while "wrestling" with his dog, Costanzo's right arm was cut by the dog's teeth. Costanzo sought medical treatment and received stitches for the cut to his arm. The hospital treating Costanzo notified the Cuyahoga County Board of Health, which investigated and generated a report of the incident. Costanzo did not make a claim for damages from his homeowner's insurance policy issued by Grange.

{¶ 3} In January 2018, Sara Graham was watching Costanzo's dog while Costanzo was out of town. Unbeknownst to Costanzo, Graham invited Santiago over to Costanzo's home. While Santiago was there, Costanza's dog attacked her and caused severe injury requiring medical attention. The Cuyahoga County Board of Health was notified of the incident, conducted an investigation, and generated a report of the incident.

{¶ 4} In March 2019, Santiago filed suit against Costanzo, later amending the complaint to include Graham as a defendant. In May 2019, Costanzo filed a third-party complaint against Grange seeking a declaratory judgment that Grange

was required to provide him a defense of Santiago's lawsuit and to provide coverage for any personal liability that may accrue.

{¶ 5} In June 2019, Grange answered the third-party complaint and alleged that because Costanzo's dog had previously caused "bodily injury to a person" in October 2015, it owed no duty to defend or indemnify Costanzo in Santiago's lawsuit.

{¶ 6} On October 15, 2020, Grange moved the court for summary judgment on the basis that the homeowner's insurance policy issued by Grange excluded coverage for Santiago's injuries. Grange cited the following policy exclusion, which reads in pertinent part:

> SECTION II-PERSONAL LIABILITY PROTECTION EXCLUSIONS
> A. Under Coverage E - Personal Liability Coverage and Coverage F — Medical Payments to Others Coverage, we do not cover:
>
> * * *
>
> 19. **Bodily injury** or **property damage** caused by any of the following animals owned by or in the care of an **insured person**:
>
> * * *
>
> c. any dog with a prior history of causing:
>
> > (1) **bodily injury** to a person;
> >
> > (2) injury to another animal;
> >
> > established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.

(Emphasis sic.) Grange further argued that because it was not required to provide liability coverage, it had no duty to defend Costanzo in the lawsuit.

{¶ 7} In response to the motion for summary judgment, Costanzo argued that the exclusion language in the policy was not applicable because Costanzo's injuries in 2015 were caused by his actions, not his dog's actions. Costanzo attached his affidavit testimony that averred that at the time of his injuries in 2015, he was "wrestling" with his dog and that his arm "was cut by [his dog's] teeth." Costanzo further opined that his injuries were a result of his "own carelessness" because he allowed his dog "to grab his arm with his mouth" and he was "overly aggressive in [his] play" with the dog.

{¶ 8} Santiago argued that the policy exclusion did not apply because 1) the term "insured person" is not included in the exclusion language and that 2) Costanzo was the cause of his injuries in 2015, not his dog.[1]

{¶ 9} On January 13, 2021, the trial court granted Grange's motion for summary judgment. In granting summary judgment, the trial court found the issue to be determined upon Grange's summary judgment motion was "whether the Grange policy excludes coverage for bodily injuries caused by an insured's dog when that dog has a prior history of causing bodily injury." The trial court found no ambiguity in the terms "insured person" and "person" as those terms are used within

---

[1] Santiago raised other arguments to the trial court, but has not raised those arguments in her appeal.

the policy. It determined "that the plain meaning of the term used, 'person', encompasses any individual who suffered a bodily injury caused by the insured's dog. Thus, the term 'person' includes Defendant Constanzo." The trial court then noted "the policy exclusion language focuses on whether there was a prior incidence that caused bodily harm" and applied that exclusion because "the undisputed facts show that [the dog] bit Defendant Costanzo" in 2015, causing him bodily injury and then Santiago in 2018.

{¶ 10} Both Santiago and Costanza appealed the grant of summary judgment in favor of Grange, and we consolidated their appeals.

## II. LAW AND ARGUMENT

### A. Assignments of Error

{¶ 11} Santiago alleges the following assignment of error:

> The trial court erred by granting Defendant-Appellee Grange's motion for summary judgment.

{¶ 12} Santiago argues that the exclusion in the policy does not apply because the first incident of injury was to the "insured person," Costanzo. She further argues that the 2015 incident was caused by Costanzo, not his dog or that there remains an issue of fact as to the cause of the incident.

{¶ 13} Costanzo alleges the following assignment of error:

> The trial court committed reversible error by finding [the dog] proximately caused the injury [Costanza] sustained in 2015.

{¶ 14} Costanzo argues that he was the cause of his injuries in 2015, not his dog, and, therefore, the exclusion in the policy does not apply in this case.

**{¶ 15}** Grange argues that the trial court properly granted summary judgment as the policy language excludes a second incident in which a dog causes bodily injury to a "person" and the record reflects that Costanzo's dog caused Costanzo's injuries in 2015 and the incident in which Santiago was injured in 2018.

## B. Standard of Review

### 1. Summary judgment

**{¶ 16}** Civ.R. 56(C) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is proper where

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.,* 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.,* 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club,* 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales,* 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).

{¶ 17} If the movant satisfies the initial burden, then the nonmoving party has the burden to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id.* A trial court's grant of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

### 2. Insurance policies are to be interpreted using rules of construction applicable to contracts

{¶ 18} An insurance policy is a contract between an insurer and its insured. *E.g., AKC, Inc. v. United Specialty Ins. Co.*, Slip Opinion No. 2021-Ohio-3540, ¶ 8. Thus, determining coverage under an insurance policy is a matter of contract interpretation. *Crum & Forster Indemn. Co. v. Ameritemps, Inc.*, 8th Dist. Cuyahoga No. 99610, 2013-Ohio-5419, ¶ 10. The interpretation of insurance policies is a matter of law. *Id.* "In insurance policies, as in other contracts, words and phrases are to be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention." *Id.* at ¶ 11, citing *Olmstead v. Lumbermens Mut. Ins. Co.,* 22 Ohio St.2d 212, 216, 259 N.E.2d 123 (1970); *Ohio N. Univ. v. Charles Constr. Servs., Inc.,* 155 Ohio St.3d 197, 2018-Ohio-4057, 120 N.Ed3d 762 ¶11. "[W]here the provisions of an insurance policy are clear and unambiguous, courts many not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties." *Crum & Forster Indemn. Co.*, 2013-Ohio-5419, ¶ 11, citing, *Gomolka v. State Auto Mut. Ins. Co.,* 70 Ohio St.2d 166, 168, 436 N.E.2d 1347 (1982). In this

case, the policy language is not ambiguous and excludes coverage for damages caused by a dog with a prior history of injuring a person.

**C. The insurance policy excludes coverage for injuries caused by a dog that previously injured a person**

      **1.    The exclusion language is not ambiguous regarding injury to a "person"**

{¶ 19} Santiago argues that because certain terms such as "you" or "insured person" are specifically defined within the policy, the use of "person" in the exclusion is ambiguous and can be read to differentiate an "insured person" from a "person" who suffered bodily injury. The policy defines the following terms:

DEFINITIONS

The following terms appear in bold type throughout this policy and are defined as follows:

1. "**You**" and "**your**" refer to the Named Insured, which includes the individual named on the Declarations Page or that person's spouse is a resident of the same household.

               \*\*\*

3. "**Bodily injury**" means bodily harm, sickness or disease, including required care, loss of services, and resulting death.

               \*\*\*

6. "**Insured person**" means:

    a. **you**;

    b. **your** relatives residing in **your** household; and

    c. any other person under the age of 21 residing in **your** household who is in your care or the care of a **resident** relative.

(Emphasis sic.) The insurance policy does not define the term "person."

**{¶ 20}** The insurance policy provides coverage for "bodily injury" caused by an "occurrence." Section II titled "PERSONAL LIABILITY PROTECTION" provides in COVERAGE E:

> **We** will pay all sums, up to **our** limit of liability shown on the Declarations Page for this coverage, arising out of any one loss for which an **insured person** becomes legally obligated to pay as damages because of **bodily injury** or **property damage**, caused by an occurrence covered by this policy. Damages include prejudgment interest awarded against the **insured person**.
>
> If a claim is made or suit is brought against the **insured person** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, **we** will defend the **insured person** at **our** expense, using lawyers of cour choice. **We** are not obligated to pay any claim or judgment or to defend after **we** have paid an amount equal to the limit of **our** liability shown on the Declarations Page for this coverage. **We** may investigate or settle any claim or suit as **we** think appropriate.

(Emphasis sic.)

**{¶ 21}** The policy lists specific exclusions to coverage. Exclusion 19 excludes coverage for damages caused by certain animals and provides that it does not cover:

> SECTION II-PERSONAL LIABILITY PROTECTION EXCLUSIONS
> A. Under Coverage E - Personal Liability Coverage and Coverage F — Medical Payments to Others Coverage, we do not cover:
>
> * * *
>
> 19. **Bodily injury** or **property damage** caused by any of the following animals owned by or in the care of an **insured person**:
>
> a. any dog that is being trained or has been trained to attack persons or other animals;
>
> b. any dog, used in any manner, as a fighting dog;
>
> c. any dog with a prior history of causing:

(1) **bodily injury** to a person; or

(2) injury to another animal;

established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.

(Emphasis sic.)

{¶ 22} The use of the term "insured person" in the exclusion limits coverage for incidents caused by animals owned by or in the care of the "insured person." Coverage is further limited to exclude bodily injury caused to a person by a dog that has a prior history of causing bodily injury. As the term "insured person" and "person" are used to delineate separate limitations of coverage within the policy, the use of different terms does not create an ambiguity.

{¶ 23} As the policy does not specifically define the term "person," we agree that the trial court properly used the plain meaning of the term where it found that "'person' encompasses any individual who suffered a bodily injury caused by the insured's dog. Thus, the term 'person' includes Defendant Costanzo." *See Villaos v. Nationwide Mut. Fire Ins. Co.*, 12th Dist. Brown No. CA2020-04-004, 2020-Ohio-5123, at ¶ 3 -4 (insurer provided notice of policy exclusion for injuries caused by dog with "prior history of causing bodily harm" to named insured's son). As such, the trial court properly found that a later incident of Costanzo's dog causing bodily injury to any person was excluded under the language of the policy.

## 2. The insurance policy excludes a second injury to a person caused by a dog without regard to the circumstances of the incident

{¶ 24} The exclusion in the policy precludes coverage for a second incident of bodily injury caused by a dog owned by or in the care of an insured person. Both Santiago and Costanzo in essence argue that the record indicates that Costanzo caused, contributed to cause, or should be determined to be the cause of his injuries in 2015. In support, Costanzo cites his deposition testimony that the first incident in which Costanzo was injured was caused by Costanzo, that he was "roughhousing" with the dog and he "caused" the injury himself, but he does not dispute that the dog's teeth cut his arm requiring stitches.

{¶ 25} Germane to determining whether or not the 2015 incident served to exclude coverage for Santiago's injuries is the language in the policy that precludes coverage where the dog has a prior history of "causing bodily injury." The term "cause" was not defined in the policy, and we apply the plain and ordinary meaning of the term. *Crum & Forster Indemn. Co.,* 2013-Ohio-5419, at ¶ 11.

{¶ 26} In this case, Costanzo by his own admission, acknowledged that his dog's teeth injured him. Thus, the dog's teeth were the mechanism by which Costanzo was injured. Using the plain meaning of the word cause, the dog was the cause of Costanzo's injuries. In their argument, Costanzo and Santiago invite us to determine whether the dog ultimately intended to cause the cut to Costanzo's arm or that Costanzo's actions were some sort of separate, intervening, or superseding cause of his injuries. The arguments presented by both Santiago and Costanzo go

toward applying the legal concept of proximate cause to the policy language and ask us to determine a degree of fault or attempt an assessment of liability for Costanzo's actions at the time he sustained bodily injury. These arguments simply overlay legal concepts of fault or liability to the policy language.

{¶ 27} But there is no need to assess degrees of fault or graft concepts of legal liability onto the plain language of this policy. "'Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties.'" *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 8, quoting *Rhoades v. Equitable Life Assur. Soc. of the U.S.*, 54 Ohio St.2d 45, 47, 374 N.E.2d 643 (1978). Accordingly, the plain language of the exclusion provision precludes coverage for injuries the dog caused Santiago because the dog caused Costanzo bodily injury in 2015.

{¶ 28} Additionally, Santiago and Costanzo's arguments imply that the exclusion should only apply to vicious dogs or dogs with a propensity toward violence. Again, by applying the plain meaning of the words within the policy, these arguments are not well taken. The exclusion applies to "any dog" that caused bodily injury in the past and the policy language is not limited to only vicious dogs or those prone to causing injury. *Id.*

{¶ 29} The trial court did not err in determining that Costanzo's dog caused prior bodily injury to a person. As such, Grange was not required to provide

coverage for Santiago's claim for injuries caused by Costanzo's dog or to defend Costanzo in the lawsuit brought by Santiago.

{¶ 30} Both appellants' assignments of error are overruled.

## III. CONCLUSION

{¶ 31} Grange was entitled to summary judgment where the insurance policy excluded coverage for bodily injury caused by the insured's dog where the dog had previously caused bodily injury to any person. That the prior incident of bodily injury was sustained by the insured person did not exempt that incident from the plain language of the policy. Further, the plain language of the policy did not necessitate a determination as to the extent Costanzo's actions contributed to the prior injury caused by his dog to determine that coverage for Santiago's claims were excluded from by the policy.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR