[Cite as *Townsend v. AutoNation Wickliff*, 2023-Ohio-1894.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FAITH TOWNSEND,             :

      Plaintiff-Appellant,      :

                                   No. 111993

      v.                      :

AUTONATION WICKLIFF, ET AL.,   :

      Defendants-Appellees.    :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-954289

### *Appearances:*

Faith Townsend, *pro se.*

Frantz Ward LLP, Gregory R. Farkas, and Kelly Bokoch,
*for appellee* Mullinax Ford, LLC.

Baker & Hostetler LLP and Jeremiah J. Wood, *for appellee* Ford
Motor Company.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellant Faith Townsend appeals the trial court's grant of

summary judgment in favor of appellee Ford Motor Company ("Ford Motor Co.")

regarding alleged damages to a 2019 Ford Explorer that Townsend purchased from an AutoNation automobile dealership in Wickliffe, Ohio.[1]  Based upon our detailed review of the record, we affirm the trial court's orders in this case.

SCOPE OF THE APPEAL

{¶ 2}  In this appeal, we bear in mind that pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants represented by counsel.  *C.L. v. Weiler,* 8th Dist. Cuyahoga No. 111474, 2023-Ohio-13, ¶ 17.  Townsend's notice of appeal attached only the August 31, 2022 journal entry granting Ford Motor Co.'s motion for summary judgment.  However, in argument to this court, Townsend claims error in the trial court's grant of summary judgment to both Ford Motor Co. and AutoNation as well as the denial of several motions filed following the judgment entry appealed.

{¶ 3}  "An appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *Ingram v. Glavin*, 8th Dist. Cuyahoga No. 111931, 2023-Ohio-1290, ¶ 60, quoting *Slone v. Bd. of Embalmers & Funeral Dirs. of Ohio*, 123 Ohio App.3d 545, 548, 704 N.E.2d 633 (8th Dist.1997).  Because Townsend only attached the judgment entry granting Ford Motor Co. summary judgment, we are constrained to limit our review of the assignments of error to only the trial court's grant of summary judgment to Ford Motor Co.

---

[1] AutoNation is a trade name of Mullinax Ford, LLC.

RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 4} On October 14, 2021, Townsend filed a six paragraph, pro se complaint against AutoNation and Ford Motor Co. Within the complaint, Townsend alleged she purchased a 2019 Ford Explorer from AutoNation in April 2019 and that she experienced problems with the vehicle; specifically, the roof rack became detached, a display console malfunctioned, and decorative decals were peeling off. Townsend alleged she took the vehicle to AutoNation for service on January 28, 2020, and that AutoNation attempted to repair the vehicle. She alleged that when she went to pick up her vehicle, she saw damage to the vehicle. Townsend alleged the vehicle had abrasions and scratches from an attempt to make repairs, and the vehicle's finish was damaged. Townsend alleged that AutoNation then kept the vehicle and attempted to remedy her complaints regarding damage caused by the attempt to repair the roof rack. Townsend also alleged that the roof racks were defective and that the defect was known to both AutoNation and Ford Motor Co. prior to her purchasing the vehicle. As damages, Townsend sought the return of the purchase price of the vehicle or replacement of the vehicle.

{¶ 5} On November 23, 2021, the trial court ordered discovery to be completed by March 2, 2022, and dispositive motions to be filed by April 8, 2022. Townsend moved the trial court to extend the date to complete discovery to March 8, 2022, which motion was granted. Ford Motor Co. moved the trial court to extend the deadline for filing dispositive motions to May 23, 2022, which motion was also granted by the trial court.

{¶ 6} On May 23, 2022, Ford Motor Co. moved for summary judgment.[2] Within the motion, Ford Motor Co. argued Townsend's claims were without merit. As to any potential warranty claims Townsend asserted, Ford Motor Co. argued that, under a theory of express warranty, Townsend produced no evidence of a warranty. As to Townsend's claim that the vehicle was defective, Ford Motor Co. argued that there was no evidence of a defect put forth by Townsend beyond conclusory allegations made in the complaint. Ford Motor Co. supplemented its argument by noting that even had Townsend produced evidence of an express warranty, Townsend's claim was without merit because she failed to allow Ford Motor Co. a reasonable opportunity to cure the alleged defect. Finally, Ford Motor Co. argued that Townsend could not proceed on a claim of an implied warranty because there was no evidence privity existed between Townsend and Ford Motor Co.

{¶ 7} Townsend filed a response to Ford Motor Co.'s motion for summary judgment.[3] Within the response, Townsend did not directly address the arguments asserted by Ford Motor Co. regarding the existence of an express or implied warranty, the existence of privity with Ford Motor Co., or detail any further evidence beyond the allegations in the complaint that a defect existed in the vehicle. Townsend implied AutoNation employees were untrained and caused damage to the

---

[2] AutoNation also filed for summary judgment in the case.

[3] Townsend filed one response to both Ford Motor Co.'s and AutoNation's motions for summary judgment and titled it "Response to Autonation Wickliffe/Mullinax Ford's Motion for Summary Judgment."

Explorer while following the procedures from Ford Motor Co. for repair of the roof rack.

**{¶ 8}** On July 6, 2022, Ford Motor Co. filed a reply to Townsend's response to the motion for summary judgment. Ford Motor Co. argued that Townsend failed to produce evidence pursuant to Civ.R. 56 in support of the allegations of her complaint. Ford Motor Co. objected to Townsend's claim that summary judgment should not be granted based on a claim of negligence because such claim was not included in the complaint.

**{¶ 9}** On July 25, 2022, Townsend filed a motion to amend her complaint and a "Supplement to Plaintiff's Opposition To Motion For Summary Judgment." The motion to amend the complaint included a claim of negligence against AutoNation, stating that "the conduct of AutoNation constitutes not only negligence, but 'Willful Negligence' on behalf of the AutoNation." The supplement attached documents, including Ford's technical service bulletins regarding roof racks. Thereafter, Townsend filed a "Reply Brief In Support Of Plaintiff's Opposition To Defendant's Motion For Summary Judgment." The response to the motion for summary judgment concluded that she "upheld her burden of proof that the negligent acts of [AutoNation] caused unrepairable damage to her vehicle."

**{¶ 10}** On August 31, 2022, the trial court issued several journal entries. The trial court denied Townsend's motion to amend the complaint. The trial court struck Townsend's supplement to plaintiff's opposition to motion for summary judgment and reply brief in support of plaintiff's opposition to defendant's motion for

summary judgment because they were filed without leave. The trial court also granted Ford Motor Co.'s motion for summary judgment.

{¶ 11} On September 7, 2022, the trial court granted AutoNation's motion for summary judgment. On September 8, 2022, Townsend filed several motions seeking to supplement or amend prior filed responses to the motions for summary judgment. On September 14, 2022, Townsend filed a motion for reconsideration of the trial court's grant of summary judgment to both Ford Motor Co. and AutoNation. On September 28, 2022, the trial court denied Townsend's motion for reconsideration and further denied as moot Townsend's September 9, 2022 motions.

{¶ 12} On September 30, 2022, Townsend filed a pro se notice of appeal, attaching the trial court's August 31, 2022 journal entry granting Ford Motor Co. summary judgment. Within the notice of appeal, Townsend gave "notice of appeal to the Eighth District Court of Appeals from the final judgment entry of the Cuyahoga County Court of Common Pleas entered on August 31, 2022 of Summary Judgement for Ford Motors [sic] Co."

LAW AND ARGUMENT

*The trial court did not err by striking Townsend's surreply to the motion for summary judgment or denying leave to amend the complaint*

**{¶ 13}** We first address Townsend's second and third assignments of error because they concern procedural issues.[4] In the second assignment of error, Townsend asserts that the trial court erred by striking her reply brief in response to Ford Motor Co.'s reply to her opposition to summary judgment filed July 25, 2022 and her supplement to her opposition to motion for summary filed July 26, 2022. She asserts they were filed within the time allotted pursuant to Civ.R. 6(C)(1). Civ.R. 6(C)(1) provides the following timeline for responses and replies to motions as follows:

> (C) Time: motions.

> (1) Motion responses and movants' replies generally. Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

**{¶ 14}** Townsend argues her filings were timely because they were filed within 14 days of Ford Motor Co.'s reply to the opposition to summary judgment. However, these filings were neither a motion for summary judgment, a response to a motion for summary judgment, or a reply to a response to a motion for summary

---

[4] The text of Townsend's assignments of error are included in an appendix to this opinion.

judgment and could only be considered to be surreplies to Ford Motor Co.'s reply. Civ.R. 56 does not provide a litigant the right to file a surreply. *Foradis v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 103454, 2016-Ohio-5235, ¶ 8.

{¶ 15} "A trial court possesses the inherent authority and discretion to control its own docket." *State ex rel. Crenshaw v. McMonagle*, 8th Dist. Cuyahoga No. 111207, 2022-Ohio-1508, ¶ 3, As such, allowing additional briefing beyond that allowed by Civ.R. 56 would be within the discretion of the trial court.[5] In this case, no leave was sought to file the surreply or supplement and the trial court did not abuse its discretion by striking the filings. Although Townsend argues that the trial court struck the filings as untimely, the trial court's journal entry belies that assertion and specifically strikes the filings because they were filed without leave of court[6]

{¶ 16} The second assignment of error is overruled.

---

[5] We note that prior to its repeal on June 1, 2021, Loc.R. 11(D) of the Court of Common Pleas of Cuyahoga County, General Division, specifically provided that "[r]eply or additional briefs upon motions and submissions may be filed with leave and only upon a showing of good cause."

[6] The trial court's August 31, 2022 journal entry reads:

> Plaintiff's Supplement to Plaintiff's Opposition to Motion for Summary Judgment, filed 7/25/22, will be stricken from the record and will not be considered as it was filed without leave. Plaintiff's surreply, captioned Reply Brief in Support of Plaintiff's Opposition to Defendant's Motion for Summary, and filed 7/25/22, will also be stricken from the record and not considered as it was filed without leave.

*The trial court did not err by denying leave to amend the complaint after dispositive motions had been filed*

{¶ 17} In her third assignment of error, Townsends argues that the trial court abused its discretion by not allowing her to amend her complaint after Ford Motor Co. filed a motion for summary judgment. A trial court does not abuse its discretion when it denies a motion to amend a complaint "where a party is not seeking to remedy an apparent oversight or omission in the original complaint, but instead sets forth a new cause of action resulting in prejudice to the defendant." *Karat Gold Imports, Inc. v. United Parcel Serv., Inc.*, 62 Ohio App.3d 604, 613, 577 N.E.2d 115 (8th Dist.1989). In attempting to amend the complaint, Townsend added claims of negligence. We cannot say that the trial court abused its discretion in denying leave to file the amended complaint because Townsend asserted a new cause of action after discovery was completed and after dispositive motions had been filed.

{¶ 18} The third assignment of error is overruled.

*The trial court did not err in granting summary judgment*

{¶ 19} In the first assignment of error, Townsend argues the trial court erred in granting Ford Motor Co. summary judgment for three reasons: 1) the motion did not consider the evidence presented in her response to the motion for summary judgment, 2) the denial of the motion was in contravention of the guidelines set forth in Civ.R. 56, and 3) the trial court did not comply with Civ.R. 41 in dismissing her claims against Ford Motor Company.

{¶ 20} Townsend raises arguments within the first assignment of error that the trial court did not properly apply the standards under Civ.R. 56. A trial court's grant of summary judgment is reviewed de novo. *Santiago v. Costanzo*, 8th Dist. Cuyahoga Nos. 110339 and 110343, 2022-Ohio-611, ¶ 17, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). To the extent that Townsend claims error by the trial court in application of Civ.R. 56, such claim is moot because we apply a de novo standard of review to the trial court's judgment. Further, as to Townsend's argument the trial court did not properly follow Civ.R. 41, that rule is inapplicable to this case because the motion for summary judgment was filed under Civ.R. 56.

{¶ 21} Pursuant to Civ.R. 56(C), summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate when the record presented provides:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.,* 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club,* 82 Ohio

St.3d 367, 696 N.E.2d 201 (1998). "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).

{¶ 22} If the party moving for summary judgment has the initial burden, then the nonmoving party has the burden to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id.* A trial court's grant of summary judgment is reviewed de novo. *Santiago* at ¶ 17, citing *Grafton* at 105.

{¶ 23} Within the complaint, Townsend asserted that there was a defect in the Ford Explorer she purchased from AutoNation and that she brought the vehicle once to AutoNation for repair. Specifically, the complaint states that the Explorer was with AutoNation for three days and during that time, Townsend alleged the car was damaged. In seeking summary judgment, Ford Motor Company argued the complaint asserted claims under a theory of an express or implied warranty. In order to assert a claim under an express warranty, the plaintiff must show that a warranty existed, that the product failed to perform as warranted, that the defendant was provided reasonable notice of the defect, and that the plaintiff suffered injury as a result of the defect. *Witkowski v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 104256, 2016-Ohio-5634, ¶ 22, citing *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's, Ents.*, 2015-Ohio-4884, 50 N.E.3d 955, ¶ 11 (4th Dist.).

{¶ 24} Further, before bringing a claim for breach of warranty, the consumer is required to provide the manufacturer a reasonable opportunity to correct the alleged defect. *Ultimax, Inc. v. Mercedes-Benz USA, LLC*, S.D.Ohio No. 2:06-cv-951, 2008 U.S. Dist. LEXIS 28475, 24 (Apr. 8, 2008); *see also* R.C. 1345.72(B) (Ohio "Lemon Law" requires purchaser to provide the manufacturer a "reasonable number of repair attempts."). "Generally, a seller must be 'given at least two chances to remedy an alleged defect.'" *Rogers v. Ford Motor Co.*, 1st Dist. Hamilton No. C-170556, 2018 Ohio App. LEXIS 4221, 4 (Sep. 26, 2018), citing *Temple v. Fleetwood Ents.*, 133 F.Appx 254, 268 (6th Cir.2005).

{¶ 25} In this case, no warranty was attached to the complaint or provided in Townsend's response to the motion for summary judgment as required by Civ.R. 56. As such, summary judgment was proper where the record did not include evidence of a warranty. Moreover, consideration of evidence attached by Townsend in the surreply to the motion for summary judgment or the supplement struck by the trial court would not remedy the failure to provide proof of a warranty. Additionally, even had Townsend provided proof of the existence of a warranty, summary judgment would have been properly granted to Ford Motor Co. where Townsend did not allow Ford Motor Co. or AutoNation a reasonable number of attempts to remedy the claimed defect because the record provided Townsend took the vehicle for repairs to the roof rack only once.

{¶ 26} The first assignment of error is overruled.

CONCLUSION

{¶ 27} Townsend brought a claim against AutoNation and Ford Motor Co. alleging a defect in her Ford Explorer. Townsend did not provide evidence that a warranty existed by attaching evidence of a warranty to the complaint or by attaching evidence of a warranty to a response to Ford Motor Co.'s motion for summary judgment. The complaint further alleged that Townsend took the Explorer to AutoNation for repairs only once and did not allow a reasonable number of attempts to remedy the alleged defect or effect repairs. Townsend appealed only the grant of summary judgment to Ford Motor Co., and because she did not provide evidence of a warranty and, further, did not provide evidence that Ford Motor Co. was provided a reasonable opportunity to remedy any defect in the Explorer, the trial court properly granted summary judgment.

{¶ 28} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR

Appendix

The assignments of error presented in the brief read as follows:

1.　　Erred in granting summary judgment.

　　　a.　　Should only be based on the evidence - Civ. R. 56. Summary Judgment
　　　b.　　Summary judgment did not meet the guidelines of Rule 56
　　　c.　　Civ. R. 41 Dismissals treated as summary judgments. Dismissal asserted by the court require plaintiff be given notice in pretrial meeting. Dismissal asserted by the defendant requires a motion to do so.

2.　　Erred in striking brief filed 7/6/22. Brief filed withing the 28 day allotted in Civ. R. 6(C)1

3.　　Erred in denying amendment Civ R.15(A) states entitlement.